IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. MCNEESE,

    **Plaintiff,**

v.                                                         CASE NO. 24-3153-JWL

(FNU) ANDERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On September 25, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's response (Doc. 8). The Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges that on January 15, 2024, "the fellow officer on 3rd shift while doing rounds comes in [Plaintiff's] room in section B and injected a foreign object." (Doc. 3, at 3.) Plaintiff alleges that this violated his First and Eighth Amendment rights. *Id*. Plaintiff also states that he "asked for a[n] MRI and they had refused it." *Id*. at 5.

Plaintiff names as defendants: (fnu) Anderson, SCJ Official; and Barbie (lnu), SCJ Med Passer. For relief, Plaintiff seeks to have his state criminal case dismissed, and "to be provided with a[n] outside private doctor to examine [him] to follow thr[ough] with a[n] MRI." *Id*. at 5.

In Plaintiff's original complaint, which was not on the Court-approved form, he indicated that he was injected with a "foreign object" for medical treatment, and he was seeking to be seen

1

at an outside hospital to get the object removed. (Doc. 1, at 3–5.) He states that he is seeking an MRI to have the object removed. *Id*. at 5. He also indicated in his original complaint that he never informed the officials regarding his claims. *Id*. at 8.

The Court found in the MOSC that Plaintiff seeks to have his state criminal case dismissed. "A prisoner may not seek release or dismissal of criminal charges as a remedy in a civil rights action; the proper action to seek release from custody is a habeas corpus petition rather than a civil rights action." *Ortberg v. Groves*, 2020 WL 1433483, at *3 (D. Kan. 2020). "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).

The Court also found that Plaintiff failed to allege how each defendant personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional

violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).

Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The Court also found that Plaintiff failed to state a claim. Plaintiff alleges that he was injected with a foreign object, but fails to provide any factual support regarding the allegation. In his original complaint, he alleges that his constitutional rights were violated because he had not been found guilty yet. (Doc. 1, 8.) In his Complaint submitted on the Court's form, he merely states that his rights were violated "[d]ue to not being convicted and not consenting any forms to the jail." (Doc. 3, at 3.) He does not give any indication whether or not he was seeking medication, who injected him, what relief he sought before or after the alleged injection, or why he believes an MRI is necessary to remove whatever was allegedly injected. A pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice." (Doc. 5, at 7.) Plaintiff has failed to submit an amended

3

complaint by the Court's October 24, 2024 deadline set forth in the MOSC. Plaintiff has, however, filed a response. (Doc. 8.)

In his response, Plaintiff claims that in January 2024, an officer named Anderson entered Plaintiff's room and inserted a foreign object into Plaintiff's right side "leaving behind a visible scar receiving it from the medical staff by the name of Barbie at that time." *Id*. at 1. Plaintiff claims that Officer Anderson wedged the door open due to the locks not being secured. *Id*. at 2. Plaintiff states that "come to find out they had fixed the locks on the doors on Oct 8th." *Id*. Plaintiff claims that Officer Anderson returned to Plaintiff's cell on October 8th—the same day Plaintiff received his legal mail from the Court—"leaving [Plaintiff] to believe he tamper[ed] with evidence." *Id*. Plaintiff maintains that he feels he is "obligated to be release[d] and charges should be dropped on the case number 2023-CR-001489 due to violating [his First and Eighth Amendment rights]." *Id*.

Plaintiff's response fails to cure the deficiencies set forth in the MOSC. A pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.

Plaintiff has failed to show that any defendant acted with deliberate indifference. Although he claims that an officer by the name of Anderson injected him, he still does not give any indication whether or not he was seeking medication, what relief he sought before or after the alleged injection, or why he believes an MRI is necessary to remove whatever was allegedly injected. He does not indicate that he objected prior to the injection, or whether a doctor's order was involved. *See Boyett v. Cnty. Of Washington*, 282 F. App'x 667, 676 (10th Cir. 2008) (unpublished) (stating that as the Supreme Court has held, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious

4

mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" and "where an inmate is a danger to himself or others, an involuntary medication policy may be considerably more humane than a policy disallowing the practice altogether."). "Prison officials have a duty to care for their inmate population, and using antipsychotic medications is an appropriate medical response in certain situations." *Id*. at 676–77 (citing *cf. Hogan v. Carter,* 85 F.3d 1113, 1118 (4th Cir.1996) (concluding medical personnel, "acting in accordance with sound medical judgment and with the prisoner's best interests in mind," may order an emergency injection of Thorazine); *Harper,* 494 U.S. at 231, 110 S. Ct. 1028 ("Though it cannot be doubted that the decision to medicate has societal and legal implications, the Constitution does not prohibit the State from permitting medical personnel to make the decision under fair procedural mechanisms.")).

Plaintiff continues to seek release from custody and the dismissal of his criminal case. As the Court explained in the MOSC, when the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. "A prisoner may not seek release or dismissal of criminal charges as a remedy in a civil rights action; the proper action to seek release from custody is a habeas corpus petition rather than a civil rights action." *Ortberg v. Groves*, 2020 WL 1433483, at *3 (D. Kan. 2020). Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 4, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
